IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

B. BRAUN MELSUNGEN AG, B. BRAUN
MEDICAL INDUSTRIES SDN. BHD. and B.
BRAUN MEDICAL, INC.,

        Plaintiffs;

v.

BECTON, DICKINSON AND COMPANY
and BECTON, DICKINSON INFUSION
THERAPY SYSTEMS, INC.

        Defendants.

Civil Action No. 1:16-cv-411-RGA

## MEMORANDUM OPINION

Frederick L. Cottrell, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Katharine L. Mowery, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Nicole K. Pedi, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; William F. Lee, Esq. (argued), WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; William G. McElwain, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC; Tracey C. Allen, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC; Omar A. Khan, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, New York, NY.

Attorneys for Plaintiffs

Gregory E. Stuhlman, Esq., GREENBERG TRAURIG, LLP, Wilmington, DE; Scott J. Bornstein, Esq. (argued), GREENBERG TRAURIG, LLP, New York, NY; Allan A. Kassenoff, Esq., GREENBERG TRAURIG, LLP, New York, NY; Joshua L. Raskin, Esq., GREENBERG TRAURIG, LLP, New York, NY.

Attorneys for Defendants

June 9, 2017

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendants' Motion for Judgment on the Pleadings (D.I. 41) and related briefing (D.I. 42, 51, 53). The Court heard oral argument on March 3, 2017. (D.I. 103) ("Hr'g Tr."). Through this motion, Defendants seek dismissal of Counts Nine, Ten, and Eleven of Plaintiffs' First Amended Complaint (D.I. 16) on the grounds that three of the patents-in-suit, U.S. Patent No. 8,444,605 ("the '605 patent"), U.S. Patent No. 8,414,539 ("the '539 patent"), and U.S. Patent No. 8,545,454 ("the '454 patent") (collectively, "the Kuracina patents"), are invalid under 35 U.S.C. § 102(b) in light of U.S. Patent No. 6,629,959 ("the '959 patent"). For the reasons that follow, the Court will deny Defendant's Motion for Judgment on the Pleadings.

**I.  Background**

Plaintiff brought this infringement action on June 6, 2016, alleging infringement of ten patents. (D.I. 1). On July 25, 2016, Plaintiff filed its First Amended Complaint adding an additional count alleging infringement of an eleventh patent. (D.I. 16). The three Kuracina patents that are the subject of this motion issued on April 9, 2013 (the '539 patent), May 21, 2013 (the '605 patent), and October 1, 2013 (the '454 patent). (D.I. 51 at 7). At issue is the priority of the claims for each of these three patents.

The Kuracina patents are part of a family of related patents and applications dating back to a provisional application, U.S. Provisional Application No. 60/012,343, filed on February 27, 1996. (*Id.*). Each of the Kuracina patents include as the first sentence in its specification the statement, "This application is related to and claims the benefit of the following patent applications: (1) Ser. No. 60/012,343 . . . filed Feb. 27, 1996 . . . the teachings of which are expressly incorporated herein and by reference." ('605 patent at 1:4-5). Ten applications are listed in this chain of priority. (*Id.*). The statement in each of the Kuracina patents fails to indicate how

1

the applications in the chain are interrelated. The applicant submitted an application data sheet ("ADS") during prosecution of the '605 and '454 patents, claiming priority through a number of applications, the earliest of which was filed on February 24, 2005. (D.I. 43-8 at 4; D.I. 43-9 at 4). The applicant did not submit an ADS during prosecution of the '539 patent, which was filed on December 27, 2011. (D.I. 42 at 9).

Among the applications listed in the priority chain is the application that ultimately issued as the '959 patent, which was filed on April 30, 2001. ('605 patent at 1:20-23). The '959 patent issued on October 7, 2003 and its specification "is virtually identical to that of the Kuracina Patents." (D.I. 42 at 9).

In August 2015, Plaintiffs requested certificates of correction for the Kuracina patents under 35 U.S.C. § 255 to add language identifying the relationships between each of the applications listed in the chain of priority. (D.I. 43-10 at 198, 203, 208). In each request, Plaintiffs stated, "None of the requested corrections involve claiming any new priority not previously claimed." (*Id.*). The requested certificates of correction were granted for each of the three patents in February and March of 2016. (D.I. 52-5 at 29-36).

## II. Legal Standard

A party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). In evaluating the motion, the Court must accept all factual allegations in the complaint as true and all inferences must be drawn in the light most favorable to the nonmoving party. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3rd Cir. 2008). The motion will be granted only if the movant establishes there is no remaining material issue of fact and the movant is entitled to judgment as a matter of law. *Id.*

2

In ruling on a motion for judgment on the pleadings, the court is generally limited to the pleadings. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The court may, however, consider documents incorporated into the pleadings and those that are in the public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Patent claims enjoy a presumption of validity. 35 U.S.C. § 282(a). Thus, challenges to the validity of patent claims are evaluated under the clear and convincing evidence standard. *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 973 (Fed. Cir. 1986). The present dispute is, at its core, a dispute about the validity of certificates of correction. If the Court were to invalidate these certificates, however, the practical effect would be to invalidate the claims. Therefore, Defendant bears the burden of proving that the certificates of correction are invalid by clear and convincing evidence. *Superior Fireplace Co. v. Majestic Prod. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001).

## III. Discussion

### A. Claiming the Benefit of an Earlier Priority Date

The dispute giving rise to this motion is related to the priority dates of each of the Kuracina patents. Patent applicants seeking to claim the benefit of an earlier priority date are required to include with the application a "specific reference to the earlier filed application." 35 U.S.C. § 120 (1999). When the Kuracina applications were prosecuted in 2011, the Patent and Trademark Office ("PTO") allowed applicants seeking the benefit of an earlier priority date to meet this "specific reference" requirement in one of two ways. The applicant could include "a reference to the prior-filed application in the first sentence(s) of the specification." Manual of Patent Examining Procedure § 201.11 (8th ed. Rev. 8, July 2010). Alternatively, the applicant could reference the earlier filed application in an application data sheet. *Id.* The PTO also required that

an applicant seeking the benefit of an earlier application's priority date "indicat[e] the relationship of the applications." 37 C.F.R. § 1.78(a)(2)(i) (2009). After a patent issues, a patentee may request a certificate of correction to correct "a mistake of clerical or typographical nature, or of minor character." 35 U.S.C. § 255. Such corrections are limited to those that would not "involve such changes in the patent as would constitute new matter or would require reexamination." *Id.*

The Kuracina patents, as filed, contained the requisite reference to the earlier filed applications in the first sentence of the specification. What was missing in each application was the relationship between the applications in the chain of priority. Plaintiffs successfully sought certificates of correction to add the missing relationships in each patent. It is undisputed that, without the correction, the priority statement failed to meet the "specific reference" requirement. The parties dispute, however, whether such an error may be corrected by a certificate of correction without re-examination. Defendants seek to invalidate the Kuracina patents, arguing that the certificates of correction are invalid. (D.I. 42 at 6).

The crux of Defendants' argument is that the '959 patent, which has a specification nearly identical to those of the Kuracina patents, is prior art for the Kuracina patents because the '959 patent issued before the earliest priority date for each of the other three. (*Id.*). This argument is premised on finding that the PTO improperly issued the certificates of correction for each of these three patents. (*Id.*). Defendants argue that the certificates of correction are improper because the changes made to the patents were not minor as the corrections resulted in a change in priority date for each patent, thus altering the scope of Plaintiffs' patent rights, and because the changes would require re-examination. (*Id.* at 6-7). Plaintiffs counter that it is the PTO's long-standing practice to correct priority claims by certificate of correction and that Defendants have not shown that the changes are not minor or that they require re-examination. (D.I. 51 at 5).

**B.    "mistake of minor character"**

I hold that the changes made by certificate of correction were "of minor character." The corrections did not add any new priority claims; the references to the earlier filed patents were made clear in the first sentence of the specifications in the patents as issued. Rather, the changes were made to provide the relationships to the applications to which the patents claimed priority. (D.I. 51 at 9). For example, the words "provisional application" were inserted before the application number of the earliest-filed application in the priority chain. (*Id.*). This, it seems to me, is more akin to a typographical correction than a substantive change that would alter the scope of the patentee's rights.

Defendants argue that the changes result in "a significant prejudicial impact on the public at large." (D.I. 42 at 14). One purpose of the "specific reference" requirement is to provide notice to the public of the patent's priority date. *Carotek, Inc. v. Kobayashi Ventures, LLC*, 875 F. Supp. 2d 313, 335 (S.D.N.Y. 2012). I do not think there was any failure of notice that would prejudice the public in this case. The Kuracina patents, prior to correction, clearly stated that the patentee "claims the benefit of" a series of applications going back to 1996. This, it seems to me, is a clear statement of priority that was present in the patent as issued. I do not think there is any failure of notice to the public that makes the omission of the relationships anything more than a "mistake of minor character."

**C.    "changes . . . as would . . . require re-examination"**

Defendants argue that the changes made to the patent require reexamination because: 1) the patent examiner was not on notice of the proper priority claims, which would impact the scope of prior art reviewed during prosecution; and 2) the PTO would need to determine whether the claims in the Kuracina patents are supported by the disclosures in the applications in the priority

chain. (D.I. 42 at 15-16). According to Defendants, there is no evidence in the prosecution history that the examiner reviewed prior art cited in the earlier applications. (*Id.* at 15). Defendants also contend that the disclosures of the Kuracina patents are substantially different from those in the priority chain. (*Id.* at 16).

One problem with Defendants' first argument is that examiners are only required to review the "pertinent prior art" cited during prosecution of the parent applications. Manual of Patent Examining Procedure § 904 (8th ed. Rev. 8, July 2010). If the examiner conducted a thorough search, any prior art that was found to be "pertinent" to the parent application would presumably be found during prosecution of the later-filed application. Defendants point to prior art references on the face of the '959 patent that are missing from the Kuracina patents. (D.I. 42 at 15). I am not at all persuaded that this constitutes clear and convincing evidence that the patent examiner did not consider all of the "pertinent" prior art.[1]

Defendants' second argument likewise fails. Defendants broadly assert that there are "substantial differences" between the specifications of the earliest-filed application in the priority chain and the Kuracina patents. (*Id.* at 16). Based on this statement, Defendants suggest that "it is not clear from the record" whether the earlier disclosure supports the claims of the Kuracina patents. (*Id.*). Defendants have not pointed to any specific evidence that would suggest that the claims are not supported by the earlier disclosure. Therefore, this suggestion alone does not constitute clear and convincing evidence that the changes made by the certificates of correction require re-examination.

---

[1] While I do not think I need to examine the prosecution histories of the Kuracina patents in detail in order to reach my decision, I do note that during prosecution of the '539 patent, the applicant made clear to the examiner in a response to an office action that the applicant was claiming priority to at least November 19, 1996 for some of the claims of the '539 patent. (*See* D.I. 54 at 120-21). Therefore, it seems to me that, at least for that application, the examiner was put on notice of the applicant's priority claims and had the opportunity to examine the full scope of the prior art.

6

## D. Long-standing PTO Practice

There is substantial case law supporting Plaintiffs' position that the PTO has a long-standing practice of correcting priority claims through certificates of correction. (D.I. 51 at 4). Defendants have presented no case law supporting their position that this type of error cannot be corrected by certificate. Nor could they. All of the cases cited by Defendants involve alleged mistakes in priority claims for which no certificate of correction was ever sought or issued or where the certificate issued after litigation was commenced. *See Simmons, Inc. v. Bombardier, Inc.*, 328 F. Supp. 2d 1188, 1201 (D. Utah 2004) (reasoning if Plaintiff had sought a certificate of "correction, this issue would not be before the court"); *Adrain v. Hypertech, Inc.*, 2001 WL 740542, at *5 (D. Utah Apr. 18, 2001) (finding "certificate[s] of corrections issued after the commencement of this litigation do not have retroactive effect"); *Apple Inc. v. E-Watch, Inc.*, IPR2015-00414, 2016 WL 3476867, at *7 (June 22, 2016) (finding patent not entitled to earlier priority date where owner "could have sought a certificate of correction . . . but did not do so").

In contrast, Plaintiffs cite to numerous cases where courts have held that certificates of correction may be used to correct errors in priority claims. *See Word to Info, Inc. v. Google Inc.*, 140 F. Supp. 3d 986, 995 (N.D. Cal. 2015) (collecting cases and concluding certificate of correction may be used to correct errors in priority statements); *Pfizer Inc. v. Teva Pharm. U.S.A., Inc.*, 882 F. Supp. 2d 643, 697 (D. Del. 2012) (finding certificate of correction used to correct error in priority date valid); *Carotek*, 875 F. Supp. 2d at 335 (finding valid certificate of correction used to add reference to additional patent and application in priority chain).

Defendants have not convinced me that the facts presented in the instant case make it materially different from the cases where this court and others have found such certificates valid. If I begin with the presumption, as I must, that the certificates were properly issued and that the

PTO correctly determined that the errors were minor and did not require re-examination, I cannot find that Defendants have presented clear and convincing evidence that the certificates are invalid.

## IV. Conclusion

For the reasons set forth above, I find that the certificates of correction are valid. Defendants' Motion for Judgment on the Pleadings (D.I. 41) is denied.

An appropriate order will be entered.