IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| B. BRAUN MELSUNGEN AG, B. BRAUN MEDICAL INDUSTRIES SDN. BHD., and B. BRAUN MEDICAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY and BECTON, DICKINSON INFUSION THERAPY SYSTEMS INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 16-411-RGA ) ) ) ) ) ) |

**STIPULATION OF DISMISSAL AND PARTIAL**
**FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

WHEREAS, Plaintiffs B. Braun Melsungen AG ("B. Braun Germany"), B. Braun Medical Industries SDN. BHD ("B. Braun Malaysia") and B. Braun Medical Inc. ("B. Braun U.S.") (collectively "B. Braun" or "Plaintiffs") have alleged that Defendants Becton, Dickinson and Company and Becton, Dickinson Infusion Therapy Systems Inc. (collectively "BD" or "Defendants") infringe one or more claims of, among other patents, U.S. Patent Nos. 8,333,735, 8,540,728, 8,337,463, 8,328,762, 9,149,626 (collectively, the "Woehr/Raines family"), and 8,460,247, and 8,597,249 (collectively, with the Woehr/Raines family, "the Needle Protective Device patents" or "the NPD patents");

WHEREAS, Plaintiffs also assert infringement of U.S. Patent Nos. 8,414,539, 8,444,605, 8,545,454 (collectively, the "Kuracina family" or "Kuracina patents"), and U.S. Patent No. 9,370,641 ("the '641 patent") (together with U.S. Patent Nos. 8,460,247, and 8,597,249, the "Woehr/Zerbes family") (collectively, the "Remaining Patents");

WHEREAS, following briefing by the parties, the Court held a claim construction hearing on June 8, 2017 and the Court issued a Memorandum Opinion on August 8, 2017 (D.I. 173) construing the disputed claim terms and phrases;

WHEREAS, the Court construed, among other terms, the phrase "needle protective device" to be a means-plus-function term having the structure and function detailed in D.I. 173, and the phrase "needle protective device" appears in each asserted claim of the NPD patents;

WHEREAS, the parties have filed numerous summary judgment and *Daubert* motions which are currently pending, including a motion by Defendants for summary judgment of non-infringement of the asserted claims of the NPD patents (D.I. 233);

WHEREAS, the parties stipulate and agree to the entry of final judgment of non-infringement of the NPD patents by Defendants' Insyte Autoguard BC product under the present construction of "needle protective device" pursuant to Fed. R. Civ. P. 54(b), subject to appeal;

WHEREAS, the parties stipulate and agree that all of Defendants' unadjudicated defenses and counterclaims asserted in Defendants' answer and counterclaims relating to the NPD patents, including those relating to the alleged invalidity of the NPD patents, are reserved and are to be dismissed without prejudice;

WHEREAS, on November 29, 2017, the PTAB issued decisions denying institution of IPR trials for U.S. Patent Nos. 8,333,735 and 8,540,728;

WHEREAS, on December 15, 2017, the PTAB issued decisions instituting IPR trials for all currently asserted claims of U.S. Patent Nos. 8,328,762 and 9,149,626 and denying institution of an IPR trial for U.S. Patent No. 8,337,463; on December 21, 2017, the PTAB issued a decision instituting an IPR on all asserted claims of U.S. Patent No. 8,460,247; and on January 11, 2018, the PTAB issued a decision instituting an IPR on all asserted claims of the '641 patent;

WHEREAS, a decision from the PTAB on whether to institute IPRs on the asserted claims of 8,597,249 is due to issue by January 21, 2018;

WHEREAS, in any IPR institution decision where the PTAB addressed issues of claim construction, the PTAB concluded that "needle protective device" is not a means-plus-function term (*see* Exs. A-C);

WHEREAS, final decisions in the IPR proceedings are expected between December 2018 and January 2019;

WHEREAS, the asserted patents in the Kuracina family, as to which no IPR petitions have been filed, have already expired;

WHEREAS, the parties stipulate and agree that nothing in this stipulation and order limits or restricts the parties' rights to appeal or rights on appeal;

WHEREAS, the parties stipulate and agree that all communications and any resulting stipulation or agreement are governed by Rule 408, and that neither party will seek to use such communications or any resulting stipulation or agreement in any subsequent proceeding or at trial;

WHEREAS, the parties disagree over the scope of Rule 408's application to this stipulation and whether and to what extent Rule 408 is applicable to the Court's entry of judgment but agree that these issues do not need to be resolved by the Court at this time; and

WHEREAS, trial is currently set to begin on February 12, 2018.

The Court, expressly finding no just reason for further delay, enters final judgment of non-infringement concerning the NPD patents under the present construction of "needle protective device" pursuant to Fed. R. Civ. P. 54(b) as follows.

1. With regard to Defendants' Insyte Autoguard BC product, Defendants do not infringe the asserted claims of the NPD patents under the construction of "needle protective device" in the Court's August 8, 2017 Memorandum Opinion (D.I. 173) pursuant to Fed. R. Civ. P. 54(b).

2. There is no just reason for delay of a final, appealable judgment of non-infringement of the asserted claims of the NPD patents by Defendants' Insyte Autoguard BC product under the present construction of "needle protective device" pursuant to Fed. R. Civ. P. 54(b). The Court enters final judgment as to the NPD patents to conserve judicial resources, to avoid the need to conduct multiple trials, and to align the timing of B. Braun's impending appeal of the Court's construction of "needle protective device" with the resolution of the IPRs, streamlining any possible future trial on any of the asserted patents. This judgment addresses 7 of the 11 asserted patents, and 14 of the 20 asserted claims. Moreover, there is a substantial overlap of witnesses who would be required to participate in trial in connection with the NPD patents and the Remaining Patents.

3. The parties also stipulate to dismiss and the Court hereby dismisses any claims by B. Braun U.S. under the Woehr/Zerbes family and/or under the Kuracina family without prejudice. For the avoidance of doubt, this dismissal does not impact B. Braun U.S.'s standing to appeal issues relating to the NPD patents or the claims of B. Braun Germany and B. Braun Malaysia under the Remaining Patents.

4. Defendants' unadjudicated defenses and counterclaims asserted in Defendants' answer and counterclaims relating to the NPD patents, including relating to the

alleged invalidity of the NPD patents, are dismissed without prejudice to renew following any appeal.

5. All of the parties' remaining motions, claims, requests for relief, counterclaims and defenses regarding the NPD patents are dismissed without prejudice to renew following any appeal.

6. By separate Order, the trial date and all related pre-trial dates are adjourned and the remainder of this case (including all motions, claims and defenses relating to the Remaining Patents) will be stayed pending resolution of the IPR proceedings (including appeals) relating to the asserted patents, and any appeal of the Court's construction of the phrase "needle protective device" in the NPD patents.

7. Each party is to bear its own costs, expenses and attorney's fees to date.

/s/ Karen E. Keller
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Plaintiffs*

Gregory E. Stuhlman
Steven T. Margolin
Brittany M. Giusini
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7381
stuhlmang@gtlaw.com
margolins@gtlaw.com
giusini@gtlaw.com

/s/ Katharine L. Mowery
Frederick L. Cottrell, III (No. 2555)
Katharine L. Mowery (No. 5629)
Nicole K. Pedi (No. 6236)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
mowery@rlf.com
pedi@rlf.com
*Attorneys for Defendants*

Dated: January 12, 2018

Case 1:16-cv-00411-RGA   Document 386   Filed 01/16/18   Page 6 of 6 PageID #: 18749

SO ORDERED on this __16__ day of __January__, 2018.

_/s/ Richard G. Andrews_
United States District Judge

6